UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

_____
                                                :
ANTONIO PIZZOFERRATO      :         Civil Action No. _____
                    Plaintiff       :
                                                :
VS.                                          :
                                                :
HARTFORD HOSPITAL            :
                    Defendant    :         MAY 15, 2014
_____:

# COMPLAINT

## JURISDICTION

1. This is an action for declaratory relief, injunctive relief, damages and deprivation of rights, secured by the Age Discrimination in Employment Act of 1967 as amended.

2. Jurisdiction of this Court is invoked pursuant to 29 USC §621, *et seq.*, as amended.

3. This Court has pendant jurisdiction of those claims brought under the law of the State of Connecticut.

## PARTIES

4. Plaintiff, Antonio Pizzoferrato, is an individual citizen of the United States residing in Hartford, Connecticut who, at all times material to this action, was between the ages of 40 and 70.

5. Defendant, Hartford Hospital, is a corporation organized and existing under

the laws of the State of Connecticut, and doing business in the State of Connecticut, within the territorial jurisdiction of the Court.

6. The unlawful employment practices alleged herein were committed in the District of Hartford.

## FACTUAL ALLEGATIONS

7. The Plaintiff was employed by the Defendant for over 25 years and his work quality was always exceptional throughout his years of service.

8. In August of 2008, the Plaintiff was employed by Defendant as an Operating Room Aide (hereinafter "OR Aide") and was also trained in use of the retractor during surgical procedures.

9. Plaintiff's pay rate was $16.70 per hour.

10. On August 13, 2008, the Plaintiff applied for the posted day shift position of Radiology/Imaging Transport SVC, which was designated as Job Grade A183.

11. The posted position had a minimum salary of $15.00 per hour and a maximum salary of $18.45.

12. The Plaintiff later interviewed for the position with Donna D'Amore, an employee of the Defendant employer.

13. Ms. D'Amore informed the Plaintiff that the position was a third shift position.

14. Ms. D'Amore informed the Plaintiff that, with the applicable third shift differential, his pay rate as a third shift Radiology/Imaging Transport SVC (Job Grade A183) would be $21.80 per hour.

15. The Plaintiff accepted the job, terminated his position as an OR Aide, and began working as a third shift Radiology/Imaging Transport SVC.

16. The primary duty and function of a Radiology/Imaging Transport SVC is to assist radiology technicians with their work as radiology technicians.

17. The Plaintiff was often called upon to transport patients to and from radiology in addition to assisting the radiology technicians.

18. The Plaintiff then received his paycheck for a much lower amount than anticipated.

19. The Plaintiff learned that his position had been coded as a Transportation Aide, which was designated as Job Grade A189.

20. The Plaintiff's pay rate as a Transportation Aide (Job Grade A189) was $14.77 per hour.

21. The Plaintiff met with Ms. D'Amore to discuss the apparent error in his job designation.

22. Ms. D'Amore advised the Plaintiff that there was no error and that he was too old to earn the hourly rate of a Radiology/Imaging Transport SVC (Job Grade A183).

23. The Plaintiff appealed to Human Resources who determined, based on Ms. D'Amore's representations, that the Plaintiff was actually working as a Transportation Aide and the job designation was correct.

24. For the next two years the Plaintiff continued to dispute his job designation and was forced to defend against false charges of inadequate job performance that Ms. D'Amore levied against him.

25. The Plaintiff pursued formal grievance procedures and appeals to the

Defendant's governing executives seeking redress for Ms. D'Amore's limiting of his wages, limiting of his work hours, false accusations, and generally hostile attitude.

26. In one meeting in early 2012, Bimal M. Patel, employed by the Defendant as a Vice President, asked the Plaintiff why he didn't just fix the problem by retiring.

27. Shortly thereafter, the Plaintiff took a previously scheduled vacation for the first two weeks of May.

28. Upon his return from vacation on May 15, 2012, the Plaintiff was scheduled to meet with Jeffrey Flaks, the Defendant's President, to discuss the discrimination being perpetrated against him, which discrimination had been fully disclosed to Mr. Flaks well before the meeting.

29. The Plaintiff's employment was terminated on May 14, 2012, one day prior to his return from vacation and one day prior to his meeting with Mr. Flaks.

## COUNT I

30. Following the Plaintiff's termination, his job duties were assigned to a younger employee with considerably less experience, ability, and qualifications than the Plaintiff.

31. At all times material to this Complaint, the Defendant, through its agents, servants, and employees, was well aware of the provisions of the Age Discrimination in Employment Act of 1967, as amended, and Connecticut General Statutes Section 46a-60 and acted willfully and with reckless disregard of the law in depriving the Plaintiff wages, benefits, and employment, solely because of Plaintiff's age.

32. As a result of the Defendant's discrimination against the Plaintiff on the

basis of his age, the Plaintiff lost his salary, overtime, benefits, and continued employment.

33. As a further result of the Defendant's discrimination against the Plaintiff on the basis of his age, the Plaintiff has suffered and continues to suffer severe emotional upset and suffering.

34. Plaintiff timely filed age discrimination charges with the United States Equal Opportunity Commission and with the Connecticut Commission on Human Rights and Opportunities and he has exhausted his administrative remedies.

## COUNT II

35. Paragraphs 1 – 31 of this Complaint are incorporated by reference as though more particularly set forth herein.

36. At all times material to this Complaint, the Defendant, through its agents, servants, and employees, was well aware of the provisions of the Age Discrimination in Employment Act of 1967, as amended, and Connecticut General Statutes Section 46a-60 and acted willfully and with reckless disregard of the law in depriving the Plaintiff wages, benefits, and employment, in retaliation for the Plaintiff's opposition to his age based discrimination.

37. As a result of the Defendant's retaliation against the Plaintiff, the Plaintiff lost his salary, overtime, benefits, and continued employment.

38. As a further result of the Defendant's retaliation against the Plaintiff, the Plaintiff has suffered and continues to suffer severe emotional upset and suffering.

39. Plaintiff timely filed age discrimination charges with the United States Equal Opportunity Commission and with the Connecticut Commission on Human Rights

and Opportunities and he has exhausted his administrative remedies.

## COUNT III

40. Paragraphs 1 – 31 of this Complaint are incorporated by reference as though more particularly set forth herein.

41. Plaintiff was employed pursuant to a written employment agreement and other terms and conditions of employment that provided that the Defendant would not discharge, terminate, or discipline the Plaintiff without just cause and adherence to written disciplinary procedures.

42. The Defendant's discipline and termination of the Plaintiff as set forth herein was without just cause and did not adhere to the Defendant's written disciplinary procedures in breach of the aforesaid terms of the employment agreement.

43. As a result of the Defendant's wrongful termination of the Plaintiff, the Plaintiff lost his salary, overtime, benefits, and continued employment.

## COUNT IV

44. The Defendant did promulgate written rules and policies, which set forth procedures and grounds for discharge for the purpose of inducing the Plaintiff to rely upon the policies and procedures and the Plaintiff did rely on same and the failure to require the Defendant to obey the policies and procedures would be an injustice forbidden by the doctrine of promissory estopple.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction of this cause, and:

(1) Order the Defendant to reinstate the Plaintiff to the position of Radiology/Imaging Transport SVC retroactive to the date of his discriminatory and retaliatory discharge;

(2) Award the Plaintiff all pay and fringe benefits he has lost as a result of the Defendant's unlawful discrimination and retaliation against him dating back to his discriminatory designation as a Transportation Aide;

(3) Award damages for the Plaintiff's emotional distress and suffering;

(4) Award Damages for breach of contract and for violation of the doctrine of promissory estopple;

(5) Grant the Plaintiff his costs and attorney fees and expenses; and to award such other and further relief as this court deems just and proper.

(6) Plaintiff requests trial by jury.

THE PLAINTIFF

BY: *Jeffrey D. Cedarfield*
Jeffrey D. Cedarfield, Esq. (ct23251)
Cedarfield Law
225 North Main Street, Suite 107
Bristol, CT  06010
Telephone (860)584-8856
Facsimile (860)584-8856
jdc@cedarfieldlaw.com